UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CHALANCE MCPHERSON,

                     Plaintiff,                   **MEMORANDUM & ORDER**
                                                       17-CV-3250 (MKB)

              v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Chalance McPherson, proceeding *pro se*, filed the above-captioned action on behalf of her minor child, pursuant to 42 U.S.C. § 405(g) seeking review of the denial of Supplemental Security Income ("SSI") benefits for her child. (Compl., Docket Entry No. 1.) The Commissioner of Social Security (the "Commissioner") moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Comm'r Mot. to Dismiss ("Comm'r Mot."), Docket Entry No. 9; Comm'r Mem. of Law in Supp. of Comm'r Mot. ("Comm'r Mem."), Docket Entry No. 10.) Plaintiff did not file an opposition to the motion.[1] As further explained below, because Plaintiff did not timely commence this action, the Court grants the Commissioner's motion.

    **I.   Background**

       Plaintiff alleges that her minor child became disabled in December of 2012. (Compl. ¶¶ 4–5.) As a result, Plaintiff applied for disability benefits for her child, which the Social Security Administration denied. (*Id*. ¶ 6.) Plaintiff subsequently requested a hearing before an

---

[1] By Orders dated December 20, 2017 and May 3, 2019, the Court ordered Plaintiff to respond to the Commissioner's motion. (Order dated Dec. 20, 2017; Order dated May 3, 2019.)

administrative law judge, and a hearing was held on December 3, 2015. (*Id.* ¶ 7.) On February 21, 2017, an administrative law judge denied Plaintiff's claim. (*Id.*) The Commissioner's decision became final when the Appeals Council denied Plaintiff's request for review on February 21, 2017 (the "Notice of Denial"). (*Id.* ¶ 8; Notice of Denial, annexed to Compl., Docket Entry No. 1.) Plaintiff alleges that she received the Notice of Denial on March 23, 2017. (*Id.*) The Notice of Denial notified Plaintiff that she had sixty days to file a civil action and that the sixty days began the day after she received the Notice of Denial. (Notice of Denial 2.) Plaintiff commenced this action on May 26, 2017. (Compl.)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)); *see also Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions"

or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. Plaintiff did not timely commence this action

The Commissioner argues that the Complaint should be dismissed because Plaintiff did not timely commence this action and there is no basis to toll the sixty-day limitations period. (Comm'r Mem. 2.)

Claimants seeking federal district court review of a final decision by the Commissioner must file a civil action within sixty days of receiving notice of such a decision. 42 U.S.C. § 405(g). This requirement "is not jurisdictional, but rather constitutes a period of limitations," which "is a condition on the waiver of sovereign immunity" that "must be strictly construed." *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015) (quoting *Bowen v. City of New York*, 476 U.S. 467, 478–79 (1986)). The notice is presumed to have been received within five days of its mailing unless a plaintiff can show otherwise. 20 C.F.R. §§ 416.1401, 422.210(c); *see also Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (same); *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724, 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015) (same) (citing *Matsibekker*, 738 F.2d at 81).

Because the Notice of Denial is dated February 21, 2017, Plaintiff is presumed to have received the Notice of Denial within five days of its mailing, on or before February 26, 2017.

Under the applicable sixty-day statute of limitations, Plaintiff was required to commence this action on or before April 27, 2017 in order for her action to be timely. *See* 42 U.S.C. § 405(g). Because Plaintiff commenced this action on May 26, 2017, twenty-nine days after the deadline, the Complaint is untimely. (*See* Compl.)

Even if Plaintiff received the Notice of Denial on March 23, 2017, as she alleges, Plaintiff was required to commence this action on or before May 22, 2017 for it to be timely. Plaintiff commenced this action on May 26, 2017, four days after the deadline. Therefore, even accepting Plaintiff's allegations that she received the Notice of Denial on March 23, 2017 as true, this action is nevertheless untimely. *See Cole-Hill*, 110 F. Supp. 3d at 484 (noting that courts in the Second Circuit have dismissed social security cases where the complaint was filed a few days after the sixty-day deadline and the circumstances did not justify equitable tolling); *see also Baker v. Comm'r of Soc. Sec.*, No. 16-CV-5285, 2019 WL 1994051, at *2 (E.D.N.Y. May 6, 2019) (finding the complaint untimely where it was filed three days after the deadline); *Courtney v. Colvin*, No. 13-CV-2884, 2014 WL 129051, at *2–3 (S.D.N.Y. Jan. 14, 2014) (dismissing the complaint where it was filed four days after the sixty-day deadline); *Pressley v. Astrue*, No. 12-CV-8461, 2013 WL 3974094, at *2–3 (S.D.N.Y. Aug. 2, 2013) (dismissing the complaint filed five days late where the plaintiff did not oppose the government's motion to dismiss); *Rodriguez ex rel. JJT v. Astrue*, No. 10-CV-9644, 2012 WL 292382, at *2 (S.D.N.Y. Jan. 31, 2012) (dismissing the complaint filed twenty-one days late); *Smith v. Comm'r of Soc. Sec.*, No. 08-CV-1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (dismissing the complaint filed four days late); *Johnson v. Comm'r of Soc. Sec.*, 519 F. Supp. 2d 448, 448–49 (S.D.N.Y. 2007) (dismissing the complaint because it was filed nine days late); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (dismissing the complaint because it was filed one day after the

deadline).

Accordingly, Plaintiff failed to timely commence this action.

### c. Plaintiff has not presented a basis to toll the sixty-day limitations period

In light of Plaintiff's *pro se* status, the Court also considers whether the sixty-day deadline should be tolled under the doctrine of equitable tolling despite Plaintiff's failure to raise the issue or oppose the Commissioner's motion.

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Circumstances that justify equitable tolling include circumstances where the plaintiff "(i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Cole-Hill*, 110 F. Supp. 3d at 485 (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997) (collecting cases)). The plaintiff bears the burden of demonstrating that equitable tolling is justified. *See Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

Plaintiff does not allege any facts that would warrant tolling the sixty-day limitations period. (*See generally* Compl.) Plaintiff does not allege that she sought additional time from the Appeals Council within which to file her Complaint. Nor does the Complaint contain any

5

allegations that support an inference that Plaintiff was pursuing her rights diligently or that extraordinary circumstances prevented her from filing within the limitations period. In addition, Plaintiff did not file an opposition to the Commissioner's motion, despite being given two opportunities to do so. Plaintiff has therefore failed to demonstrate that she is entitled to equitable tolling. *See Kamara v. Comm'r of Soc. Sec.*, No. 18-CV-3672, 2019 WL 2300632, at *3 (E.D.N.Y. May 30, 2019) (finding that there was no basis to toll the limitations period where the plaintiff did not make any showing of extraordinary circumstances or that she "asked the Appeals Council for an extension of time to file within the requisite 60-day period or attempted to file her complaint within the 60-day period"); *Courtney*, 2014 WL 129051, at *2–3 (finding the plaintiff's allegations that he was ill, that his identity was stolen, and that he changed his address insufficient to provide a basis for equitable tolling); *Pressley*, 2013 WL 3974094, at *2–3 (dismissing the plaintiff's complaint where it was filed five days late and the plaintiff did not oppose the government's motion to dismiss).

Accordingly, the Court finds that this action is untimely and that there is no basis to toll the sixty-day limitations period under the doctrine of equitable tolling.

### III. Conclusion

For the foregoing reasons, the Court grants the Commissioner's motion to dismiss the Complaint. The Clerk of Court is directed to close this case.

Dated: June 12, 2019
      Brooklyn, New York

                                      SO ORDERED:

                                          s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge